NO. 07-05-0393-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 21, 2006

_____

BARBARA STONE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**CONCURRING OPINION**

I concur that the Court's opinion properly applies the Court of Criminal Appeals case law that binds us, and so join in the Court's opinion, but I write to express my concern over the adequacy of the *Brick* factors in cases like this one. *Brick* involved a consensual search of a residence that followed an assertedly unlawful arrest made at another location. *Brick v. State*, 738 S.W.2d 676, 677 (Tex.Crim.App. 1987). The attenuation issue in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), concerned an incriminating

statement given at the police station after an unlawful arrest.  Here, like in *Grimaldo*,[1] the relationship between the evidence the State introduced at trial and the unlawful police conduct is much more direct.[2]  Here, police received consent to search the same apartment that, we have concluded, they had just forcibly and unlawfully entered.  The physical evidence the police found is the same evidence whose destruction they said they sought to prevent by their sudden entry into the apartment.  It seems to me that the *Brick* factors are inadequate to evaluate fully whether denying the State the use of the evidence obtained under such circumstances fits the purposes of the exclusionary rule.  *See, e.g., Brown*, 422 U.S. at 609 (Powell, J., concurring) ("The point at which the taint can be said to have dissipated should be related, in the absence of other controlling circumstances, to the nature of that taint.").

James T. Campbell
Justice

Publish.

---

[1] Grimaldo v. State, No. 07-04-0246-CR, 2006 WL 563027 (Tex.App.–Amarillo March 8, 2006, no pet.)

[2] In its supplemental brief, the State argues *Reasor v. State*, 12 S.W.3d 813 (Tex.Crim.App. 2000), provides a standard for analysis of the attenuation issue, noting that it dealt with a consensual search following an unlawful protective sweep of the same premises.  Despite its "taint" language, it is not clear that the opinion in *Reasor* was intended to address an attenuation issue, since it gives the issue the same "short shrift" the court criticized in *Brick*.  *See Reasor*, 12 S.W.3d at 819 ("[a]ny taint from the illegal sweep was sufficiently attenuated when appellant voluntarily consented to the search of his residence"); *Brick*, 738 S.W.2d at 678 (quoting similar language from court of appeals opinion).

2